Brett L. Dunkelman, No. 006740
Maureen Beyers, No. 017134
OSBORN MALEDON PA
2929 North Central Avenue
Twenty-First Floor
Phoenix, Arizona 85012-2793
602.640.9313
Fax: 602.640.6066
bdunkelman@omlaw.com
mbeyers@omlaw.com

Of Counsel:

Rachel Krevans (CA SBN 116421)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
415-268-7000

Jose L. Patiño (CA SBN 149568)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
858-720-5100

Attorneys for Plaintiff
United Services Automobile Association

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United Services Automobile Association, a reciprocal inter insurance exchange,<br><br>Plaintiff,<br><br>v.<br><br>LPL Licensing, L.L.C., a Delaware Limited Liability Company; and Phoenix Licensing, L.L.C., an Arizona Limited Liability Company,<br><br>Defendant. | No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

As and for its Complaint, Plaintiff United Services Automobile Association

("Plaintiff" or "USAA") alleges as follows:

**PARTIES**

1.    USAA is a reciprocal inter insurance exchange organized and existing under the laws of Texas with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas, 78265.  USAA has significant operations located at 25500 Norterra Parkway, Phoenix, Arizona, 85027.  USAA and its affiliates market and sell insurance and financial services and products.

2.    On information and belief, Defendant LPL Licensing, L.L.C. ("LPL") is a Delaware limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona, 85255.

3.    On information and belief, Defendant Phoenix Licensing, L.L.C. ("Phoenix") is an Arizona limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona, 85255.

**JURISDICTION**

4.    This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, that U.S. Patent Nos. 5,987,434; 6,076,072; and 6,999,938 ("the patents-in-suit") are not infringed by USAA or are invalid or both.

5.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

6.    This Court has personal jurisdiction over Defendants because, on information and belief, both LPL and Phoenix have principal places of business in this district.

**VENUE**

7.    Venue is proper under 28 U.S.C. §§ 1391 (b) and 1391(c), because *inter alia* both LPL and Phoenix reside in this venue.

**GENERAL ALLEGATIONS**

8.    On information and belief, Phoenix is the assignee of the patents-in-suit; LPL has the exclusive right to license the patents-in-suit; and LPL at all times has acted in

concert with and/or with the approval of Phoenix.  On information and belief, the patents-in-suit are alleged to relate to apparatuses and methods for transacting, marketing, and selling financial products.

9.      Defendants have asserted that various USAA activities in offering and marketing financial products and services infringe the following patents-in-suit:

(a)  U.S. Patent No. 5,987,434 (the "'434 Patent"), issued on November 16, 1999, entitled"Apparatus and Method for Transacting Marketing and Sales of Financial Products."

(b)  U.S. Patent No. 6,076,072 (the "'072 Patent"), issued on June 13, 2000, entitled "Method and Apparatus for Preparing Client Communications Involving Financial Products and Services."

(c)  U.S. Patent No. 6,999,938 (the "'938 Patent"), issued on February 14, 2006, entitled "Automated Reply Generation Direct Marketing System."

10.      True and correct copies of each of these patents are attached hereto as Exhibits A through C.

11.      On December 17, 2004, LPL sent Mr. Robert G. Davis, Chairman and Chief Executive Officer of USAA correspondence alleging that USAA infringes multiple claims of the '434 Patent.  In the same correspondence, LPL alleged that USAA is infringing claims of the '072 Patent.  Also in the same correspondence, LPL indicated that there were over 700 additional claims pending before the United States Patent and Trademark Office (the "PTO") that LPL asserted also applied to USAA's business.  Some of these pending claims thereafter issued as part of the '938 Patent.

12.      On June 20, 2005, the following LPL representatives met with USAA: Mr. Richard Libman, the listed inventor on the three patents-in-suit; Mr. Tom Major, who was believed to be the president of LPL; Mr. Todd Brown, who was the vice president and believed to be acting CFO of LPL at the time; and (by phone) Mr. Mike Lee, a partner with the law firm of Sterne, Kessler, Goldstein & Fox, PLLC in New York who was representing LPL in licensing matters.  During the meeting, LPL presented USAA with a

3

1   licensing proposal that would avoid litigation, and cover all of USAA's businesses.

2   Mr. Brown of LPL argued that this broad license was both necessary and prudent for

3   USAA based on the purported breadth and strength of LPL's issued patents and the many

4   pending claims before the PTO expected to issue in the near term.

5          13.    Since the June 20, 2005 meeting through the present time, LPL has engaged

6   in multiple telephonic conversations with USAA regarding the patents-in-suit.  During

7   these conversations, LPL has continuously asserted its belief in USAA's purported need

8   to license LPL's entire patent portfolio, including all three patents-in-suit.

9          14.    On April 23, 2007, LPL's General Counsel, Shawn Diedrich, transmitted

10  correspondence to USAA entitled "Re: LPL Offer of License – USAA."  Among other

11  things, LPL's in-house lawyer appended claim charts to his correspondence purporting to

12  demonstrate how USAA's activities meet claim 2 of the '434 Patent and claim 184 of the

13  '938 Patent.

14         15.    On July 10, 2007, State Farm Mutual Automobile Insurance Company

15  ("State Farm") filed a complaint for declaratory judgment in this Court.  *State Farm*

16  *Mutual Automobile Insurance Company v. LPL Licensing, L.L.C. et al*, No. 2:07-cv-

17  01329-MHM (D. Ariz. Jul. 10, 2007).  This complaint asserted that State Farm did not

18  infringe the '434, '072, and '938 Patents (the patents-in-suit), and/or that these three

19  patents-in-suit are invalid.

20         16.    On August 31, 2007, more than seven weeks after State Farm filed its

21  complaint for declaratory judgment in this Court, Defendants filed a complaint in the

22  Eastern District of Texas against USAA Federal Savings Bank, a subsidiary of USAA,

23  and against USAA Savings Bank, a subsidiary of USAA Federal Savings Bank

24  (collectively, the "USAA Entities").  *Phoenix Licensing, L.L.C. et al v. Chase Manhattan*

25  *Mortgage Corporation et al*, No. 2:07-cv-00387-TJW-CE (E.D. Tex. Aug. 31, 2007) (the

26  "Texas Action").  In the Texas Action, Defendants alleged that the USAA Entities

27  infringe the '434 and '938 Patents.  Before attempting to serve the USAA Entities in the

28  Texas Action, representatives of Defendants contacted USAA to discuss USAA's

4

1  purported need to license Defendants' entire patent portfolio and indicated a continued

2  interest in discussing such a license rather than proceed with the litigation.  As of the

3  filing of this Complaint for Declaratory Relief, Defendants have not yet served the USAA

4  Entities in the Texas Action.

5        17.    Plaintiff denies that it infringes any valid claim of the patents-in-suit.

6        18.    In view of the facts and circumstances here, including: (1) LPL's assertions

7  that USAA infringes the patents-in-suit, (2) LPL's demands that USAA pay royalties

8  based upon identified activity of the USAA Entities, (3) LPL's filing of a patent

9  infringement lawsuit against the USAA Entities; and (4) USAA's contention that it and its

10  affiliates have the right to engage in the accused sales and marketing practices without a

11  license, an actual and justiciable controversy exists between USAA and Defendants

12  concerning whether USAA infringes any valid claim of Defendants' patents-in-suit.

13  Plaintiff now seeks a declaratory judgment that it does not infringe the patents-in-suit

14  and/or that the patents-in-suit are invalid.

15
16  **FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-infringement and Invalidity as to the '434 Patent)**

17        19.    Plaintiff incorporates by reference paragraphs 1 through 18 above as though

18  fully set forth herein.

19        20.    Plaintiff has not infringed and is not infringing, directly, indirectly,

20  contributorily, by active inducement, or otherwise, any valid claim of the '434 Patent as

21  properly construed.

22        21.    Plaintiff cannot be liable for infringement of the '434 Patent because the

23  claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or

24  112.

25
26  **SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-infringement and Invalidity as to the '072 Patent)**

27        22.    Plaintiff incorporates by reference paragraphs 1 through 18 above as though

28  fully set forth herein.

23.     Plaintiff has not infringed and is not infringing, directly, indirectly, contributorily, by active inducement, or otherwise, any valid claim of the '072 Patent as properly construed.

24.     Plaintiff cannot be liable for infringement of the '072 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement and Invalidity as to the '938 Patent)

25.     Plaintiff incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

26.     Plaintiff has not infringed and is not infringing, directly, indirectly, contributorily, by active inducement, or otherwise, any valid claim of the '938 Patent as properly construed.

27.     Plaintiff cannot be liable for infringement of the '938 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues so triable in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

(a)  For a declaration that Plaintiff does not infringe any valid claim of any of the three patents-in-suit;

(b)  For a declaration that all claims of the three patents-in-suit are invalid;

(c)  For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to Plaintiff of its attorneys' fees and expenses in connection with this action; and

(d)  For such other and further relief as this Court may deem just and proper.

1    DATED this 12th day of October, 2007.

2                                              OSBORN MALEDON, P.A.

3
                                         By    s/Brett L. Dunkelman
4                                              Brett L. Dunkelman
                                               Maureen Beyers
5                                              2929 North Central Avenue
                                               Post Office Box 36379
6                                              Phoenix, Arizona  85067-6379

7                                              Of Counsel:

8                                              Rachel Krevans
                                               Jose L. Patiño
9                                              MORRISON & FOERSTER LLP
                                               425 Market Street
10                                             San Francisco, California  94105-2482

11                                             Jose L. Patiño (CA SBN 149568)
                                               MORRISON & FOERSTER LLP
12                                             12531 High Bluff Drive, Suite 100
                                               San Diego, California  92130-2040

13                                             Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

# CERTIFICATE OF SERVICE

3

4

⊠      I hereby certify that on October 12, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

5

6

s/Susanne Wedemeyer

7

1768662v1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28